## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 03-CV-2201-LTB-CBS

CHRISTIE McWILLIAMS,

Plaintiff,

v.

JEFFERSON COUNTY,

Defendant.

_____

## ORDER RE: PLAINTIFF'S UNOPPOSED MOTION TO CERTIFY JUDGMENT PURSUANT TO RULE 54(b), FED.R.CIV.P. IN ACCORDANCE WITH THE REQUIREMENTS OF *STOCKMAN'S WATER CO. V. VACA PARTNERS*

_____

THIS MATTER, has come before the Court for consideration of Plaintiff's Unopposed Motion To Certify Judgment Pursuant To Rule 54(b), Fed.R.Civ.P. In Accordance With The Requirements of *Stockman's Water Co. v. Vaca Partners*. The Court, having reviewed the Motion, the response and reply, if any, and being further fully advised in the premises, hereby finds that the Plaintiff has demonstrated good cause to grant the requested relief in the above captioned action.

This action was commenced by Plaintiff on November 4, 2003 asserting claims for gender discrimination, disability discrimination, breach of contract, promissory estoppel and violation of the Family and Medical Leave Act. All of these claims related to Ms. McWilliams' employment with the Defendant, and/or the termination of that employment. The Defendant answered the complaint and jury demand, asserting various affirmative defenses, including that the Plaintiff released and waived the claims asserted and that the Plaintiff ratified the release and waiver of her claims. The Defendant

1

also asserted three (3) counterclaims, breach of contract, unjust enrichment and misrepresentation, all of which related to the release executed by Plaintiff and the entitlement to the monies paid thereunder by the Defendant.  Plaintiff answered the Defendant's counterclaims.

The Defendant filed a Motion for Summary Judgment relative to all of the Plaintiff's claims. The Motion for Summary Judgment sought dismissal of the claims on a variety of grounds, including that the claims were barred by the release executed by Ms. McWilliams.  Plaintiff opposed the Motion for Summary Judgment.  In ruling, I specifically held that the validity of the release was not determined, but that the Motion for Summary Judgment was granted on other grounds.  A Judgement was entered in relation to the Order granting the Motion for Summary Judgment which dismissed this action.

Subsequently, the Defendant filed an Unopposed Motion to Voluntarily Dismiss Counterclaims and to Amend Judgment.  Within the referenced Motion, the Defendant specifically represented to the Court that the counterclaims would only be reasserted if the Plaintiff were successful on appeal, and the matter remanded to this Court.  This is significant, and this Court finds that the representations of the Defendant in this regard are binding upon the Defendant.  As a result of the representations made, the Unopposed Motion to Voluntarily Dismiss Counterclaims and to Amend Judgment was granted.

In light of the foregoing history, this Court has fully considered the current Motion and finds that the Defendant dismissed its claims, without prejudice, and is precluded from re-asserting its counterclaims unless Ms. McWilliams is successful on appeal.  Accordingly, the representations of the Defendant, which were relied upon by the Plaintiff and this Court are akin to an equitable res judicata determination.  This Court further finds that the counterclaims are akin to the affirmative

defenses asserted, as the Defendant is in essence maintaining that the release, which is the basis of the Defendant's counterclaims, either precludes Ms. McWilliams' claims or they are entitled to an offset and return of the money if the release is unenforceable, which is similar to its affirmative defenses relating to the release. Accordingly, as the Defendant bears the burden of proof for both the affirmative defenses and the counterclaims, and in light of the Defendant's voluntary dismissal of its counterclaims with the express representation that the only circumstance under which the claims will be reasserted is in the event of reversal relative to Ms. McWilliams' claims, the Orders and Judgments of this Court are, for all intents and purposes, a final determination in practical effect.

Additionally, this Court finds that any other treatment or determination of the effect of the dismissal of Ms. McWilliams' claims and the voluntarily dismissed counterclaims of the Defendant which can only be reasserted in this action, would effectively preclude Ms. McWilliams from ever having an opportunity to appeal this Court's January 13, 2005 Order dismissing her claims. Further, absent a certification, Ms. McWilliams would be deprived of her rights and entitlements relative to appeal.

Additionally, certifying this matter as final pursuant to Rule 54(b), Fed.R.Civ.P. would promote judicial economy and avoid overburdening the Courts. Particularly, if the matter had been required to proceed to trial, and then appealed, a reversal would result in multiple trials, as well as multiple appeals. Furthermore, Ms. McWilliams' claims and the issues raised on the current appeal would differ from any raised in any subsequent appeals relative to the counterclaims. Particularly, the counterclaims asserted relate to a release executed by Ms. McWilliams which she contends was obtained through coercion. This Court, in dismissing Ms. McWilliams' claims specifically held that it was making no determination as to the validity or enforceability of the release, but granted the

Motion on other grounds. Accordingly, the issues raised in the counterclaims are separable from those which are on appeal.

IT IS THEREFORE THE ORDER OF THE COURT that Plaintiff's Unopposed Motion To Certify Judgment Pursuant To Rule 54(b), Fed.R.Civ.P. is GRANTED, as based upon the foregoing determinations, this Court finds and holds that its January 13, 2005 Order and accompanying judgment are final pursuant to Rule 54(b), Fed.R.Civ.P., as no just reason for delay of entry of judgment exists relative to said Order and Judgment in accordance with *Stockman's Water Company v. Vaca Partners*, 04-1088 (10th Cir. 2005).

DONE THIS ___19th___ day of December, 2005.


_____s/Lewis T. Babcock_____
United States District Court Judge