IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 03-cv-02201-LTB-CBS

CHRISTIE McWILLIAMS,

    Plaintiff,

v.

JEFFERSON COUNTY,

    Defendant.

_____

ORDER
_____

    In her complaint, the plaintiff, Christie McWilliams, asserted against the defendant, Jefferson County ("County"), federal employment discrimination and retaliation claims and a state law claim for breach of contract. I granted summary judgment for the County. The Tenth Circuit affirmed the entry of summary judgment in the County's favor on the federal claims and remanded the contract claim for consideration of the questions whether the County followed its contractual termination policy and whether Ms. McWilliams waived her contract claim. The court also advised that jurisdiction over a pendent state law claim usually ceases after dismissal of the foundational federal law claim.

    *Sua sponte*, I asked the parties to brief the jurisdictional question. The County now asks that I dismiss the remaining contract claim for lack of supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Alternatively, it argues that my prior entry of summary judgment was proper and

suggests that I again enter summary judgment in its favor.  Ms. McWilliams asks that I retain jurisdiction and deny the County's request for summary judgment.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Because federal courts exercise only that jurisdiction authorized under the United States Constitution and federal statutes, I am obliged to consider the question of subject-matter jurisdiction at any stage of the proceedings, whether raised by motion of the parties or on my own motion.  *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001); *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1239-1240 (10th Cir. 2001); *United States v. Black Hawk Masonic Temple Ass'n, Inc.*, 798 F. Supp. 646, 647 (D. Colo. 1992).

It is axiomatic that:

> [i]f the federal claim is dismissed before trial, even though not insubstantial in the jurisdictional sense, the state law claim will generally be dismissed as well.  Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.

*Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Ms. McWilliams argues that her federal claims were not insubstantial.  However, she provides no compelling reason why a Colorado state court should not try her remaining state law claim.  I am aware of none, other than the possible expiration of the limitations period.

Ms. McWilliams' claim will not be time-barred.  Her contract claim accrued on October 16, 2002.  She filed her complaint here on November 4, 2003, within the three-year limitation period provided in Colo. Rev. Stat. § 13-80-101(1)(a).  Colorado's remedial revival statute, Colo. Rev. Stat. § 13-80-111 provides,

(1) If an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper venue, the plaintiff or, if he dies and the cause of action survives, the personal representative may commence a new action upon the same cause of action within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later, and the defendant may interpose any defense, counterclaim, or setoff which might have been interposed in the original action.

(2) This section shall be applicable to all actions which are first commenced in a federal court as well as those first commenced in the courts of Colorado or of any other state.

*See also*, *Sharp Bros. Contracting Co. v. Westvaco Corp.*, 817 P.2d 547, 552 (Colo. Ct. App. 1991).

I decline to exercise supplemental jurisdiction over the contract claim. Ms. McWilliams will have ninety days from today's date to file in state court. The parties have completed discovery and the County has expressed its assent to the abbreviation of the state court proceedings on that basis. No prejudice will accrue. The remaining claim is therefore DISMISSED without prejudice.

Dated: February __12__, 2007, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge